**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

ABIGAIL M. LEGROW
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
TELEPHONE (302) 255-0669

Submitted: June 20, 2017
Decided: June 27, 2017

David P. Cline, Esq.
David P. Cline, P.A.
1404 N. King Street
P.O. Box 33
Wilmington, DE 19899

Michael A. Pedicone, Esq.
Heckler & Frabizzio
800 Delaware Avenue, Suite 200
P. O. Box 128
Wilmington, DE 19899

RE: **Arthur Fuggett, et al. v. Kristen Marie Aronowicz**
**C.A. No. N11C-11-106 AML**

Dear Counsel:

Pending before me are two motions *in limine* regarding the admissibility for impeachment purposes of the plaintiff's past criminal convictions. The parties sought a ruling on these motions as promptly as possible, although trial has been postponed until June 2018.[1] The motions present a singular issue: whether the probative value of the past convictions, supported by specific facts and circumstances, substantially outweighs the prejudicial effect of the convictions' admission into evidence.

---

[1] A third motion *in limine*, regarding the admissibility of the plaintiff's receipt of unemployment benefits, was filed on April 4, 2017. The parties have not sought a ruling on this motion. As is this Court's practice, that motion will be addressed at the pre-trial conference.

This is an automobile accident case in which the parties' disputes center on causation and damages. The plaintiff, Arthur Fuggett, was convicted of two crimes that the defendant, Kristin Aronowicz, seeks to admit into evidence at trial to impeach Fuggett under Delaware Rule of Evidence 609: (1) a conviction for Theft by Deception in 1994 (the "Theft Conviction"); and (2) a conviction for Escape After Conviction on November 20, 2007 (the "Escape Conviction").

Fuggett was convicted of both crimes more than 10 years before the date of trial, which is scheduled to begin on June 11, 2018.[2] The parties therefore agree that, under Delaware Rule of Evidence 609 ("Rule 609"), evidence of the convictions is not admissible "unless the [C]ourt determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."[3]

---

[2] When the motion to admit the Escape Conviction into evidence first was filed, trial was scheduled to begin within 10 years of the date of conviction. Upon agreement of the parties, however, trial was rescheduled to June 2018, which is more than 10 years after the date of the Escape Conviction. Under Delaware Rule of Evidence 609(b), "[e]vidence of a conviction … is not admissible if a period of more than 10 years has elapsed since the date of conviction *or of the release of the witness from the confinement imposed for that conviction*, whichever is the later date," unless the balancing test is performed by the Court. If Fuggett was incarcerated for the Escape Conviction on or after June 11, 2008, the conviction would not meet the 10-year test and a different balancing test would apply. After the trial date was moved, I asked the parties to file supplemental letters regarding the effect, if any, of the changed trial date on their arguments in the Escape Conviction motion *in limine*. In their supplemental letters, the parties agreed that the Escape Conviction is more than 10 years old and the balancing test required by Rule 609(b) applies. In other words, Aronowicz has neither argued nor provided any record to support a finding that Fuggett was confined for the Escape Conviction within 10 years of the June 2018 trial date. *See* D.I. 109. I therefore apply the Rule 609(b) balancing test.

[3] Del. R. Evid. 609(b).

Aronowicz argues Fuggett's credibility is "absolutely the most critical aspect of his personal injury claim" because Fuggett's alleged injuries and his medical experts' opinions largely rely on his subjective complaints.[4] Credibility, however, is crucial in most trials, and subjective complaints are common in personal injury actions. Rule 609 nonetheless presumes that convictions older than 10 years are not admissible and requires the proponent of such evidence to provide "specific facts and circumstances" supporting a conclusion that the probative value of such evidence substantially outweighs the risk of prejudice.

Aronowicz has not offered any specific facts and circumstances about these convictions. As to the Theft Conviction, Aronowicz described what she contends are the facts underlying the 1994 conviction, but did not provide any record citation or support for that factual description, or even a hint as to where that description was obtained.[5] Fuggett objected to this unsupported narrative of the charged crime.[6] As to the Escape Conviction, Aronowicz provided neither a factual recitation nor record support for the events underlying that conviction. This Court cannot perform the balancing test required by Rule 609(b) without such a

---

[4] Def.'s Resp. to Pls.'s Mot. in Lim. Regarding Conviction for Theft by Deception, ¶ 6; *see also* D.I 109 at 1.
[5] Def.'s Resp. to Pls.'s Mot. in Lim. Regarding Conviction for Theft by Deception, ¶ 5.
[6] *See* Suppl. Resp. to Def.'s Opp'n to Pls.'s First Mot. in Lim.

record.[7] Because Aronowicz has offered no specific facts and circumstances from which this Court could determine that the probative value of the convictions substantially outweighs the prejudicial effect of their admission into evidence, the convictions are not admissible under Rule 609(b).

For the foregoing reasons, Fuggett's Motion *in Limine* to Prohibit Aronowicz from Referring to Arthur Fuggett's Theft Conviction is **GRANTED** and Aronowicz's Motion *in Limine* to Admit Evidence of Fuggett's Escape Conviction is **DENIED. IT IS SO ORDERED.**

Very truly yours,

Abigail M. LeGrow, Judge

Original to Prothonotary

---

[7] *See Fisher v. Beckles*, 2014 WL 703755 at *4 (Del. Super. Feb. 10, 2014).